

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3008
Re: Allowing traveling expenses
incurred within city or town
where officer or employee of
State is stationed.

Your letter of December 19 asked the opinion of this department upon the question phrased by you as follows:

Is it within the discretion of a department head to temporarily place an employee at a point, which at the time the placement was made was determined that at a certain given time in the future this location was to become his headquarters.

You refer to that provision of Senate Bill 427, Acts of the 46th Legislature, which reads as follows:

"The State Comptroller shall not pay, and no State officer or employee of any of the departments or other agencies of the Government shall include in his traveling expense account any amounts for meals and/or lodging incurred within the city or town where such officer or such employee is stationed."

The question of "stationing" employees is one which must address itself primarily to the discretion of the department heads. Of course, the provisions of the Appropriation Bill above quoted may not be evaded by terming what is in truth an actual change of headquarters a "temporary assignment;" but it cannot be said that circumstances may not exist which would justify a temporary assignment rather than a change of station, though it had been decided by the department head that at a later date a permanent change of station would be effected.

The papers accompanying your letter indicate merely that the employee was placed on temporary assignment to the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

El Paso office during the latter half of November, his designated headquarters remaining in Harlingen during the full month of November; and that on December 1 an actual change of headquarters from Harlingen to the El Paso office was effected by action of the department head. This information is insufficient to show upon its face a violation of the provisions of Senate Bill 427 quoted above. A more full development of the facts will be necessary to determine the question of a possible violation of the provision of the Appropriation Bill quoted.

The documents enclosed with your letter are returned to you herewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ru Fairchild*

R. W. Fairchild
Assistant

RWF:db

Enclosure

APPROVED JAN 13, 1941

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *Blob*
CHAIRMAN